SCOTT (BEN v.). See Cases Nos. 1,286–1,288.

SCOTT (BENNETT v.). See Case No. 1,323.

SCOTT (BLACK v.). See Case No. 1,464.

---

## Case No. 12,525.

### SCOTT v. BLAINE.

[Baldw. 287.] [1]

Circuit Court, Pennsylvania. Oct., 1830.[2]

PRACTICE IN EQUITY — DEATH OF PARTY — TERM ENDED—HOW DECREE REVERSED.

1. A final decree rendered against two defendants jointly, will not be set aside on motion, on account of the death of one of the defendants before the hearing.

2. After the term in which a final decree has been rendered, it cannot be reversed, annulled or set aside, except by appeal or bill of review.

[Cited in Linder v. Lewis, 1 Fed. 380; Allen v. Wilson, 21 Fed. 884; Glenn v. Dimmock, 43 Fed. 551.]

The bill was filed against Blaine, Irwin and Carothers, in October, 1824. Carothers died before answer. His death was averred in the answer of Irwin. The answer of Blaine and Irwin was filed in September, 1825. Blaine died some time before October, 1828, but no suggestion of his death was entered on the record, or any notice taken of it. The case came on for a hearing in May, 1829, when a decree was rendered jointly against Blaine and Irwin that they pay to certain persons therein named the sum of 5000 dollars.

---

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

[2] [District not given.]

Mr. Kittera moved to set aside the decree against both on the ground that, being joint, it was void by the death of Blaine before the term antecedent to that in which the decree was rendered, or the cause ordered for a hearing. The utmost extent to which a court of equity goes, is to order the decree to have relation back to the time of the argument, where one of the defendants dies between the hearing and the decree, as in 4 Johns. Ch. 342, or where the cause has stood some time for judgment and a defendant dies in the interval, and the suit not revived when set down for judgment, as in 9 Ves. 461, or where a defendant dies after hearing and before judgment. 2 Madd. Ch. 529, cited. In a court of law, the remedy would be by writ of error coram vobis, but in equity it is only on motion to set aside the decree.

Joseph R. Ingersoll and Mr. Chauncey opposed the motion on the ground that the obligation on which suit was brought, and the answer being joint, the suit did not abate, as a decree could be rendered against the survivor, who ought to have suggested or pleaded the death of the other defendant. In a court of law, the death of one joint plaintiff before judgment was allowed to be suggested on the roll, and execution to go in favour of the survivor. Newnham v. Law, 5 Durn. & E. [Term R.] 577. So where judgment was entered against two defendants, and execution against the survivor, the court, on a writ of error coram vobis, allowed the record to be amended by suggesting the death of one on the record. Hamilton v. Holcomb, 1 Johns. Cas. 29; Dumond v. Carpenter, 2 Johns. 184; Hill v. West, 1 Bin. 486. In equity a suit abates by the death of a party only who is necessary for a decree. 1 Har. Ch. 120, 126, 153; Mitf. Eq. Pl. 53; Coop. Ch. Pl. 62; Brown v. Higden. 1 Atk. 291.

BY THE COURT. The decree in this case is final. It was rendered on hearing and argument more than two terms since, on an issue regularly made up. It is therefore too late to annul it on motion. We might correct any clerical errors, miscasting or inaccuracies, but cannot declare it void on account of any thing now suggested. It is among the earliest rules of chancery. which have been in force from the time of Lord Bacon, that no decree after enrolment can be reversed, annulled or set aside but on a bill of review for error apparent, or some new matter not known at the time of the decree. However erroneous, therefore, this decree may be in law or fact, it must stand till reversed on appeal or by bill of review. It is not necessary to decide on what may be done on petition, cross bill, or otherwise, in order to prevent injustice being done to the surviving defendant; or what would be the proper course to pursue, on an application by the legal representative of the deceased defendant, or of the complainant. A court of equity is competent to model its process for enforcing a decree according to justice

and good conscience, but after the term in which it is rendered cannot annul it on motion. The motion is therefore overruled.